IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TYRAN LUCKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 23-00236-TFM-N |
| | ) | |
| HEATH JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Tyran Luckey, proceeding *pro se* and *in forma pauperis*, filed a complaint seeking relief under 42 U.S.C. § 1983 while confined as a pretrial detainee at the Escambia County Detention Center.[1] This action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (Doc. 3). Upon the Court's *sua sponte* review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and for the reasons discussed herein, the undersigned RECOMMENDS that Plaintiff's claims for injunctive relief be dismissed without prejudice as moot and that Defendant Escambia County Detention Center be dismissed from this action without prejudice prior to service.

**I.    Complaint (Doc. 1).**

Plaintiff alleges in his complaint that he suffered unconstitutional conditions and cruel and unusual punishment while housed as a pretrial detainee in Escambia County Detention Center from December 28, 2022 through January 5, 2023, which included being held in a lockdown cell that lacked running water, a working light, a functional toilet, and working air conditioning. Plaintiff claims that due to the hot temperature of his cell and the foul smell and

---

[1] Since the filing of this action, Plaintiff has been released from confinement. (*See* Doc. 7).

gnats from the cell's toilet, he repeatedly requested to take a shower and to be moved from the cell or have the water turned on in his cell. However, his requests were continually denied by the Warden and Captain because the Sheriff said he was not to be let out of the cell. Lieutenant Floyd also denied his requests to be moved from Cell 203. Plaintiff further asserts claims of excessive force being used against him on January 3, 2023, after he admittedly caused a disturbance to gain the attention of officers in attempt to seek remedy from the conditions of Cell 203. Plaintiff names as defendants, Sheriff Heath Jackson, Warden Richard Hetrick, Officer Melissa Floyd, Captain James Ward, and Escambia County Detention Center.

Plaintiff seeks punitive damages in the amount of $600,000.00 and injunctive relief to stop the mistreatment of inhumane living conditions and mistreatment of inmates.

**II.     Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court is obligated to conduct a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). While the Court liberally construes *pro se* pleadings, like the one in this case, holding them to a less stringent standard than pleadings drafted by attorneys, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), the complaint will still be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b). Applicable here, a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2] This includes, where as a matter of law, the claim seeks to

---

[2]     *Neitzke's* interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

enforce a legal right that clearly does not exist, for instance where the defendants are immune from suit. *Id.* at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). That is when the plaintiff pleads sufficient factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a *pro se* litigant's allegations, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Id*. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.   Discussion.**

**Defendant Escambia County Detention Center is not a suable entity under § 1983.**

In Alabama, a county sheriff's department lacks the capacity to be sued. *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). The sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his or her county and all prisoners committed thereto[.]" Ala. Code § 14-6-1 (1975). The sheriff, not the county, is entrusted by law with the operation and management of the county jail, including the hiring, firing, supervision, and management of jail employees." *Battles v. Russell County, Ala*., 3:13CV196-CSC, 2013 WL 4029289, at *6 (M.D. Ala. Aug. 7, 2013) (citing *Turquitt v. Jefferson County, Ala*., 137 F.3d

1285, 1288-90 (11th Cir. 1998)); *see also Weaver v. Tillman*, 05-0449-WS-B, 2006 WL 1889565, at *6 (S.D. Ala. July 10, 2006) ("In the wake of *Turquitt*, federal courts have uniformly rejected claims against Alabama counties alleging that an inmate sustained harm because of jail operations, management, policies or procedures."), *aff'd sub nom. Weaver v. Mobile County*, 228 F. App'x 883 (11th Cir. 2007) (per curiam). Therefore, the Escambia County Detention Center is not subject to suit or liability under §1983 and is not a proper defendant in a § 1983 action. *See, e.g., Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) ("[C]ounty jails are not legal entities amenable to suit."); *Miller v. Baldwin Cty. Corr. Ctr.*, 18-0059-KD-N, 2018 WL 3978376, at *2 (S.D. Ala. July 23, 2018) (stating that an Alabama county jail is "not a suable entity for purposes of a § 1983 action"), *report and recommendation adopted*, 2018 WL 3973414 (S.D. Ala. Aug. 20, 2018).

For this reason, Defendant Escambia County Detention Center should be dismissed without prejudice from this action prior to service of the complaint.

### Plaintiff's Claim for Injunctive Relief is Not Actionable.

"Article III denies federal courts the power to decide questions that cannot affect the rights of the litigants in the case before them." *Owens v. Centurion Medical*, 778 F. App'x 754, 757 (11th Cir. 2019).[3] When past exposure to illegal conduct is not "accompanied by any continuing, present injury or real and immediate threat of repeated injury, . . . there is no current case or controversy." *Id.* at 759. And the chance that an inmate may return to a facility is too speculative to support a case or controversy. *Id.* Thus, "an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate

---

[3] Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

has been transferred." *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.) (citation and internal quotation marks omitted), *cert. denied*, 488 U.S. 1046 (1989). Because Plaintiff has been released from confinement at Escambia County Detention Center, his claims for injunctive relief are moot and should be dismissed without prejudice.[4]

### IV.   Conclusion.

"Where a more carefully drafted complaint might state a claim", a plaintiff should be allowed the chance to amend the complaint or claim before it is dismissed. *Lee v. Alachua Cty., FL*, 461 F. App'x 859, 860 (11th Cir. 2012) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, where the amendment would be futile, the district court does not need to allow the amendment. *Id.*; *Carter v. HSBC Mortg. Serv., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Lee*, 461 F. App'x at 860. Such is the case here, as no amendment would provide a cause of action for injunctive relief under these circumstances or make Escambia County Detention Center a suable entity under § 1983.

For these reasons, it is **RECOMMENDED** that claims for injunctive relief and that Defendant Escambia County Detention Center be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[4] Plaintiff's request for money damages, however, will proceed in this action. *Cotteral v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (a claim for money damages does not become moot upon a prisoner's transfer).

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 14th day of November 2023.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**